IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARTELS PACKING INC., an Oregon corporation

        Plaintiff,

   v.

KATAMA COMPANY, LLC an Illinois limited liability company and SCOTT LIVELY, an individual

        Defendants.

Civ. No. 6:14-cv-1562-TC
**OPINION AND ORDER**

**MCSHANE, Judge**:

Pursuant to the Judgment entered on October 24, 2016, plaintiff is entitled to reasonable attorney fees and costs. In a diversity action, the question of attorney's fees is governed by state law. Kabatoff v. Safeco Ins. Co. of America, 627 F.2d 207, 210 (9th Cir. 1980). Under Oregon law, the court must determine if the party is entitled to attorney fees and if the requested fee is reasonable. Bennett v. Baugh, 164 Or.App. 243, 246 (1999).

1 – OPINION AND ORDER

In this action for breach of contract, the underlying note provided for payment of attorney fees in the event the payee is required to hire an attorney to collect on the note. Under ORS § 20.096, a prevailing party in a contract action is entitled to attorney fees if the underlying contract specifically provides for an award of fees.

Factors to be considered as guides in determining the reasonableness of a fee are outlined in Disciplinary Rule 2-106 of the Code of Professional Responsibility:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

Plaintiff requests a fee award of $57,662 representing rates ranging from $300-310 per hour for attorney Rohn Roberts with 35 years experience, $200-240 for attorney Aaron Noteboom with 12 years experience, and $280 for attorney Brad Copeland with 28 years experience. Attorney Rohn Roberts spent a total of 43 hours working on the case, attorney Aaron Noteboom spent a total of 201.7 hours, and attorney Brad Copeland spent one hour.

The 2012 Oregon State Bar economic survey indicates that attorneys in private practice in the lower Willamette Valley with 21-30 years of experience charged $300 per hour for the 75th percentile and $411 in the 95th percentile. Similarly, attorneys with 10-12 years experience charged $228 per hour in the 75th percentile and $314 in the 95th percentile. Defendants have not objected to the hourly rates and the court finds the rates to be reasonable.

Plaintiff initiated this action in State court over two years ago and defendants removed to this court. The parties proceeded to litigate the case ultimately negotiating a settlement in which plaintiff obtained a judgment of $1.75 million and dismissal of all counterclaims. No objections have been filed with respect to the number of hours billed and the court finds the time spent on this litigation to be reasonable. Accordingly, the court grants the fee petition in the amount of $57,662.

Plaintiff also seeks expenses of $1,323.70 for filing and service fees and the cost bill is allowed in that amount.

## CONCLUSION

Plaintiff's motion for attorney fees and costs (#31) is granted in the amount of $57,662 in fees and $1,323.70 in costs.

IT IS SO ORDERED.

DATED this __1__ day of November 2016.

_____
Michael J. McShane
United States District Judge

3 – OPINION AND ORDER